| | |
|---|---|
| PROVIDENCE SPINA<br>Special Dept. of Justice Counsel<br>U.S. Environmental Protection Agency<br>Office of Civil Enforcement, Air Enforcement Division<br>1200 Pennsylvania Ave. NW, Mail Code 2242A<br>Washington, D.C. 20460<br>(202) 564-2722<br>spina.providence@epa.gov | ALLAN URGENT<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>District of New Jersey<br>970 Broad Street<br>Newark, New Jersey 07102<br>(973) 297-2079<br>allan.urgent@usdoj.gov |
| BRIAN G. DONOHUE<br>Senior Attorney<br>U.S. Department of Justice<br>ENRD/EES<br>4CON USPS Mail<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>(202) 514-5413<br>brian.donohue@usdoj.gov | LISA MORELLI<br>Deputy Attorney General<br>State of New Jersey<br>Dept. of Law and Public Safety<br>R.J. Hughes Justice Complex<br>25 Market Street<br>Trenton, New Jersey 08625-093<br>(609) 376-2745<br>lisa.morelli@law.njoag.gov |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br>*Plaintiff*,<br><br>v.<br><br>ATLANTIC COUNTY UTILITIES AUTHORITY,<br><br>*Defendant*. | Civil Action No.  3:21-cv-00808 |

# COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of New Jersey ("New Jersey"), by authority of the Attorney General of New Jersey and through undersigned counsel,

acting on behalf of the New Jersey Department of Environmental Protection ("DEP"), file this Complaint and allege as follows:

## IDENTIFICATION OF PARTIES

1. Plaintiff the United States of America is acting at the request of the Administrator of the United States Environmental Protection Agency.

2. Plaintiff Department of Environmental Protection is a principal department of the State of New Jersey and the agency charged with enforcement of the Air Pollution Control Act, N.J.S.A. 26:2C-1.1 *et seq.*, with offices located at 401 East State Street, Trenton, New Jersey.

3. Defendant Atlantic County Utilities Authority ("ACUA" or "Defendant") is a regional wastewater collection and treatment system created under the provisions of the New Jersey Municipal and County Utilities Authorities Law, with offices located at 1801 Absecon Blvd., Atlantic City, New Jersey.

## NATURE OF ACTION

4. In this civil action under Section 113(b) of the Clean Air Act ("CAA"), 42 U.S.C. § 7413(b), the United States and New Jersey seek civil penalties and injunctive relief against ACUA for violations of the sewage sludge incinerator standards and regulations of the CAA at 40 C.F.R. Part 62, Subpart LLL, and Section 129(f) of the CAA, 42 U.S.C. § 7429(f). The State of New Jersey also seeks civil penalties and injunctive relief for violations of the New Jersey Air Pollution Control Act, N.J.S.A. 26:2C-1 *et seq.*, and its implementing regulations, including N.J.A.C. 7:27-22.1 *et seq*.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action, and over Defendant, under 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C.

§ 7413(b), and has supplemental jurisdiction over the claims by New Jersey under 28 U.S.C. 1367.

6. This Court has personal jurisdiction over ACUA because it is a political subdivision in New Jersey.

7. Venue is proper in this District because the Defendant is found and conducts business in this District and because the alleged violations took place in this District. 28 U.S.C. §§ 1391 and 1395; 42 U.S.C. § 7413(b).

## NOTICE

8. On July 15, 2016, EPA issued a notice of violation ("NOV") to Defendant and provided a copy of the NOV to the State of New Jersey. The NOV sets forth EPA's findings that the Defendant committed the alleged violations described in this Complaint and provided Defendant an opportunity to confer with EPA.

9. The United States has provided notice of the commencement of this action to the State of New Jersey under Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## AUTHORITY

10. The Department of Justice has authority to bring this action on behalf of the Administrator of EPA under 28 U.S.C. §§ 516 and 519 and, Section 305(a) of the CAA, 42 U.S.C. § 7605(a).

## DEFENDANT

11. Defendant ACUA is a municipal authority organized under the New Jersey Municipal and County Utilities Authority Law, N.J.S.A. 40:14B-1 *eq seq.*

12. At all relevant times, ACUA owned and operated a regional wastewater collection and treatment system located at 1801 Absecon Blvd., Atlantic City, New Jersey ("Facility") that

3

has two multiple hearth sewage sludge incinerator ("SSI") units located there.  40 C.F.R. §§ 60.2 and 62.01; 42 U.S.C. § 7411(a)(5).

13. ACUA is a "person" as defined in Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY BACKGROUND

14. Section 129 of the CAA, 42 U.S.C. § 7429, requires EPA to establish performance standards and other requirements under Section 111 of the CAA, 42 U.S.C. § 7411, for categories of solid waste incineration units.  The performance standards are to include guidelines for existing incineration units.  42 U.S.C. §§ 7411(d) and 7429(b)(1).  States that have existing solid waste incineration units are required to submit plans to EPA for approval to implement and enforce the guidelines.  42 U.S.C. § 7429(b)(2).  EPA must develop, implement, and enforce a "Federal Plan" for existing solid waste incineration units located in any state that has not submitted an approvable plan implementing the guidelines applicable to those units.  42 U.S.C. § 7429(b)(3).

15. Under Sections 111(d) and 129(b)(3) of the CAA, 42 U.S.C. §§ 7411(d) and 7429(b)(3), EPA promulgated the "Federal Plan Requirements for Sewage Sludge Incineration Units Constructed on or Before October 14, 2010" (hereinafter, "Subpart LLL" or "the Federal Plan") for the control of emissions from existing SSI units in states that did not submit an approvable state plan.  40 C.F.R. Part 62, Subpart LLL.  The Federal Plan became effective May 31, 2016.  81 Fed. Reg. 26,040 (Apr. 29, 2016).

16. New Jersey did not submit an approvable state plan for the control of emissions from existing SSI units.  Thus, Subpart LLL applies in New Jersey.

17. However, on October 12, 2016, DEP submitted to EPA a request for delegation of authority from EPA to implement and enforce the Federal Plan.  EPA prepared a Memorandum of Agreement ("MoA") that defines the policies, responsibilities, and procedures by which the SSI Federal Plan would be administered by DEP and EPA.  The request was accepted and the MoA became effective upon signature on January 24, 2017.  EPA maintains authority to enforce the Federal Plan.

18. "Incineration of sewage sludge causes the release of a wide array of air pollutants, some of which exist in the waste feed material and are released unchanged during combustion, and some of which are generated as a result of the combustion process itself." 81 Fed. Reg. 26,042 (April 29, 2016) (citing to 76 Fed. Reg. 51,371-75, 51,396-99, and 51,399-400).

19. An SSI unit is subject to Subpart LLL if it meets the following criteria contained in 40 C.F.R. § 62.15885: 1) construction of the unit commenced on or before October 14, 2010; 2) it meets the definition of an SSI unit contained in 40 C.F.R. § 62.16045; and 3) it is not exempt under 40 C.F.R. § 62.15860.

20. Subpart LLL defines an SSI unit as "an incineration unit combusting sewage sludge for the purpose of reducing the volume of sewage sludge by removing combustible matter."  40 C.F.R. § 62.16045.

21. Subpart LLL exempts combustion units that incinerate sewage sludge that are not located at a wastewater treatment facility designed to treat domestic sewage sludge. 40 C.F.R. § 62.15860.

22. Subpart LLL requires that owners and operators of subject SSI units complete specified actions by March 21, 2016, including but not limited to:

      a.      Submission of a final control plan and achievement of final compliance, 40 C.F.R. § 62.15875;

      b.      Submission of site-specific monitoring plans, 40 C.F.R. §§ 62.15980, 62.15995;

      c.      Setting and meeting the applicable operating limits as specified in 40 C.F.R. §§ 62.15960, 62.15985, and 62.16005;

      d.      Conducting initial and annual performance tests in accordance with the requirements of 40 C.F.R. § 62.16015 and Table 3; and,

      e.      Submission of an initial compliance report within 60 days of the initial performance test, 40 C.F.R. § 62.16030(b).

23.     The emission limits and standards established in Subpart LLL apply at all times an SSI unit is in operation and apply to emissions from a bypass stack or vent while sewage sludge is in the unit's combustion chamber. 40 C.F.R. § 62.15955.

24.     Section 129(f) of the Clean Air Act, 42 U.S.C. § 7429(f), prohibits operation of an SSI unit in violation of any performance standard, emission limit, or other requirement after the effective date of the standard, limitation, or requirement.

25.     Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes the United States to commence a civil action seeking injunctive relief and the recovery of civil penalties of up to $25,000 per day for each violation of any requirement or prohibition of Subchapter I of the CAA, 42 U.S.C. §§ 7401-7515, including CAA Section 129, and of regulations promulgated under Subchapter I of the CAA, including Subpart LLL.

26.     Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended through 2015, the Debt Collection Improvement Act ("DCIA"), 31 U.S.C. § 3701, and EPA's

implementing regulations set out at 40 C.F.R. Part 19, the maximum civil penalty per day for each CAA violation was increased from $25,000 to $102,638 for violations occurring after November 2, 2015, where penalties are assessed on or after December 23, 2020.  40 C.F.R. § 19.4.

## GENERAL ALLEGATIONS

27. Under 40 C.F.R. § 62.15855(a), the Facility's SSI units are subject to Subpart LLL because: 1) they were constructed before October 14, 2010; 2) they are SSI units as defined in 40 C.F.R. § 62.16045; and 3) they are not exempt units under 40 C.F.R. § 62.15860.

28. As of May 31, 2016, Defendants failed to comply with the provisions of Subpart LLL, as required.

29. The Facility's SSI units continued to operate after May 31, 2016 in violation of Subpart LLL.

30. Defendant's failures to comply with Subpart LLL are violations of Section 129 of the Clean Air Act, 42 U.S.C. § 7429.

## CLAIMS FOR RELIEF

### First Claim for Relief – Failure to Submit Final Control Plan

31. Plaintiff realleges and incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. Under 40 C.F.R. § 62.15875, an owner or operator of an SSI unit subject to Subpart LLL must submit a final control plan by the final compliance date of March 21, 2016 (the "Final Compliance Date").

7

33. ACUA failed to submit a final control plan by the Final Compliance Date. Accordingly, ACUA violated 40 C.F.R. §§ 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

34. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $102,638 per violation per day.

### Second Claim for Relief – Failure to Achieve Final Compliance

35. Plaintiff realleges and incorporates Paragraphs 1 through 34 as if fully set forth herein.

36. Under 40 C.F.R. § 62.15875, the owner/operator of an SSI unit subject to Subpart LLL must achieve final compliance, as provided in 40 C.F.R. § 62.15905, by the Final Compliance Date.

37. ACUA failed to achieve final compliance by the Final Compliance Date as required. Accordingly, ACUA violated 40 C.F.R. § 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

38. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $102,638 per violation per day.

### Third Claim for Relief – Failure to Submit Site-Specific Monitoring Plans

39. Plaintiffs reallege and incorporate Paragraphs 1 through 38 as if fully set forth herein.

40. Under 40 C.F.R. §§ 62.15980(b)(4) and 62.15955(f), the owner/operator of an SSI unit subject to Subpart LLL must submit site-specific monitoring plans at least 60 days before the Final Compliance Date.

41. Under 40 C.F.R. § 62.15995(g), the owner or operator of an SSI unit subject to Subpart LLL must submit a site-specific monitoring plan for its ash handling system at least 60 days before the Final Compliance Date.

42. ACUA failed to submit site-specific monitoring plans as required. Accordingly, ACUA violated 40 C.F.R. § 62.15995 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

43. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $102,638 per violation per day.

**Fourth Claim for Relief – Failure to Set and Meet Applicable Operating Limits**

44. Plaintiff realleges and incorporates Paragraphs 1 through 43 as if fully set forth herein.

45. Under 40 C.F.R. § 62.15985, the owner/operator of an SSI unit subject to Subpart LLL must establish site-specific operating limits during the initial performance test, which must be conducted by the Final Compliance Date. *See also* 40 C.F.R. § 62.15980(a)(1).

46. Under 40 C.F.R. § 62.15960, the owner or operator of an SSI unit subject to Subpart LLL must meet its established site-specific operating limits by the Final Compliance Date and must continue to meet established site-specific operating limits at all times that sewage sludge is in the combustion chamber.

47. Under 40 C.F.R. §§ 62.15985 and 62.16005(d), the owner/operator of an SSI unit subject to Subpart LLL must confirm or re-establish site-specific operating limits during any performance test conducted to demonstrate, and that does demonstrate, compliance with Subpart LLL emission limits.

48. Defendant failed to timely establish site-specific operating limits. Accordingly, Defendant violated 40 C.F.R. §§ 62.15960 and 62.15985 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

49. Once established in 2019, Defendant failed to meet site-specific operating limits at all times that sewerage sludge was in the combustion chamber. Accordingly, Defendant violated 40 C.F.R. § 62.15960 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

50. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $102,638 per violation per day.

### Fifth Claim for Relief – Failure to Meet Performance Testing Requirement

51. Plaintiffs reallege and incorporate Paragraphs 1 through 50 as if fully set forth herein.

52. Under 40 C.F.R. § 62.16015 and Table 3 of Subpart LLL, the owner or operator of an SSI unit subject to Subpart LLL must meet specified performance testing requirements.

53. Defendant's performance tests in 2016, 2017, and 2018 did not meet the requirements set forth in 40 C.F.R. § 62.16015 because the SSI units were not operated at 85-percent of their maximum permitted capacity during the performance tests. Accordingly,

Defendant violated 40 C.F.R. § 62.16015 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

54. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $102,638 per violation per day.

### Sixth Claim for Relief – Failure to Submit an Initial Compliance Report

55. Plaintiffs reallege and incorporate Paragraphs 1 through 54 as if fully set forth herein.

56. Under 40 C.F.R. § 16030(b), the owner or operator of an SSI unit subject to Subpart LLL must submit an initial compliance report no later than 60 days following the initial performance test.

57. Defendant failed to submit a timely initial compliance report as required. Accordingly, Defendant violated 40 C.F.R. § 62.16030(b) and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

58. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $102,638 per violation per day.

### Seventh Claim for Relief – Violating Emission Standards During Bypass Events

59. Plaintiffs reallege and incorporate Paragraphs 1 through 58 as if fully set forth herein.

60. Under 40 C.F.R. § 62.15955, an SSI unit must meet the emission limits established under Subpart LLL. The emission limits and standards established under Subpart LLL apply at all times an SSI unit is in operation and apply to emissions from a bypass stack or vent while sewage sludge is in the unit's combustion chamber. *Id.*

61. Since May 31, 2016, ACUA has used the bypass stack while sewage sludge is in the SSI unit combustion chamber at least 100 times. Accordingly, Defendant violated 40 C.F.R. § 62.15955 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

62. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and under the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $102,638 per violation per day.

**Eighth Claim for Relief – Failure to Adhere to Permit Requirements and Terms**

63. Plaintiff State of New Jersey, Department of Environmental Protection, realleges and incorporates Paragraph 1 through 62 as if fully set forth herein.

64. Pursuant to N.J.A.C. 7:27-22.3(e), the facility operator must ensure that the facility operates in accordance with all conditions and provisions of the facility's operating permit.

65. In 2018 and 2019, ACUA failed to operate components associated with its SSI units in accordance with all conditions and provisions of its operating permit by exceeding the maximum allowable emission rate for carbon monoxide (CO); by operating below the established minimum scrubber pH, the minimum venturi scrubber flow rate, the minimum tray scrubber flow rate, the minimum scrubber pressure drop limit, and the minimum afterburner

temperature limit; and by using the bypass stack during periods when sludge remained in the combustion chamber.

66. In addition, in 2020, ACUA failed to operate components associated with its SSI units in accordance with all conditions and provisions of its operating permit by using the bypass stack during periods when sludge remained in the combustion chamber.

67. Defendant accordingly violated the APCA, N.J.S.A. 26:2C-9.2(a), and its implementing regulations, including specifically N.J.A.C. 7:27-22.3(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of New Jersey, respectfully requests that this Court:

1. Enjoin ACUA from operating the Facility and SSI units located there except in accordance with the CAA and applicable regulatory requirements, including any measures necessary to comply with Subpart LLL;

2. Assess ACUA civil penalties of up to $102,638 per day for each CAA violation;

3. Assess ACUA civil penalties of up to $50,000 per day for each APCA violation;

4. Award the United States all costs and disbursements of this action; and

5. Grant such other relief as the Court deems just and proper.


Respectfully submitted,

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources
Division

Dated:  1/15/2021                                    s/ Brian Donohue_____

                                                   BRIAN G. DONOHUE
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5413
brian.donohue@usdoj.gov


                       s/ Providence Spina_____

PROVIDENCE SPINA
Special Department of Justice Counsel
U.S. Environmental Protection Agency
Office of Civil Enforcement, Air Enforcement Division
1200 Pennsylvania Ave. NW, Mail Code 2242A
Washington, D.C. 20460
(202) 564-2722
spina.providence@epa.gov

CRAIG CARPENITO
United States Attorney
District of New Jersey

ALLAN URGENT
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
(973) 297-2079
allan.urgent2usdoj.gov

                                                        s/ Lisa Morelli

                                                        LISA MORELLI
                                                        Deputy Attorney General
                                                        State of New Jersey
                                                        Dept. of Law and Public Safety
                                                        R.J. Hughes Justice Complex
                                                        25 Market Street
                                                        Trenton, New Jersey 08625-093
                                                        (609) 376-2745
                                                        lisa.morelli@law.njoag.gov

OF COUNSEL:

ERICK R. IHLENBURG
Assistant Regional Counsel
United States Environmental Protection Agency, Region 2
290 Broadway
New York, New York 10007
(212) 637-3250
ihlenburg.erick@epa.gov